UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare v. AmerisourceBergen Drug Corp., et al.* | MDL No. 2804<br>Case No. 17-md-2804<br><br><br>Case No. 18-op-46046<br><br><br>**Judge Dan Aaron Polster** |

## CASE MANAGEMENT ORDER FOR HOSPITAL BELLWETHER CASE

The Court designates *Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare v. AmerisourceBergen Drug Corp., et al*, Case No. 18-op-46046, as a bellwether case involving a Hospital plaintiff. To facilitate administration of this matter, and in keeping with prior practices in this MDL, the Court hereby designates this case as Track 23 ("CT23"). As used herein, the term "Hospital Bellwether Plaintiff" or "Plaintiff" refers only to Saint Elizabeth Medical Center, Inc. d/b/a St. Elizabeth Healthcare and the term "Defendants" refers only to CVS Pharmacy, Inc., Walgreens Boots Alliance, Inc., and Walmart Inc.

The Court directed the Parties to submit a jointly proposed case management order for the Hospital Bellwether case. The Plaintiff and Defendants met and conferred and submitted a case management order containing both agreed-upon provisions and also many competing provisions. The Court has reviewed the Parties' submission and hereby orders as follows.

    A.    **Pleadings and Answers**

        1.    **Pleadings**. Hospital Bellwether Plaintiff filed an Amended Complaint on March 16, 2019 in Case No. 1:18-OP-46046.[1] To the extent Hospital Bellwether Plaintiff intends to amend its complaint further, it shall file a Second Amended Complaint (the "Hospital Bellwether Complaint") by no later than **March 10, 2025**, which shall be consistent with Hospital

---

[1] Two other Plaintiffs are identified in the Amended Complaint filed on March 16, 2019 in Case No. 1:18-op-46046: (1) St. Claire Medical Center, Inc. d/b/a St. Claire Regional Medical Center; and (2) Highlands Hospital Corporation d/b/a Highlands Regional Medical Center. Both of these Plaintiffs have dismissed their claims against Defendants and, accordingly, are not parties to Track 23.

    Bellwether Plaintiff's January 14, 2024 certified Plaintiff Fact Sheet and the Parties' January 13, 2025 letter to the Court, including that the claims to be litigated in Plaintiff's Hospital Bellwether Complaint against Defendants will be on an individual basis and will be limited to public nuisance, conspiracy and Kentucky's Consumer Protection Act (K.R.S. 367.120).   The claims against all other defendants named in the Hospital Bellwether Complaint will be severed pursuant to Fed.R.Civ.P. 42(b) and stayed pending further Order.

    Hospital Bellwether Plaintiff shall not further amend its complaint absent leave of Court or stipulation of the Parties.

    Hospital Bellwether Plaintiff also is a plaintiff in the separate MDL case pending at Case No. 20-op-45060. Hospital Bellwether Plaintiff will dismiss without prejudice its claims in that case by no later than **March 10, 2025**, as Plaintiff is pursuing its claims in this bellwether case. Plaintiff shall not refile the dismissed claims and shall litigate its claims only in this bellwether case.

  2. **Answers to Hospital Bellwether Plaintiff's Complaint**.  Defendants shall file answers to the Hospital Bellwether Complaint within 30 days after a decision by the Court on any motions to dismiss.   If no motions to dismiss are filed by the deadline set forth in Section E of this Case Management Order, answers will be due by **June 20, 2025**.

  3. **Third-Party Complaints**.  Defendants shall file any third-party complaints within twenty-one (21) days after service of their answers.

 B. **Treatment of Defendant Corporate Families**

  Hospital Bellwether Plaintiff has named as defendants certain defendant families previously named in prior case tracks in this MDL.   Consistent with prior directives, the Parties shall meet and confer by no later than **March 17, 2025** and will streamline the case as to the treatment of multiple named defendants that are part of a single corporate family consistent with the agreements in Track 3.  *See, e.g.,* Dkt. 3487 (as to Walmart).  The Parties shall file any stipulations as to the dismissals or other treatment of named defendants that are part of a single corporate family by **March 24, 2025**.

 C. **Previous Discovery**

  All discovery produced by any entity in this MDL, or pursuant to DR 22, shall be deemed produced in the Hospital Bellwether case. It is understood that no MDL litigation, including on behalf of Hospitals, has proceeded in Kentucky. To promote efficiency and consistent with the Court's and Special Master's directives, the Parties will meet and confer regarding how to ensure that discovery requests issued in the Hospital Bellwether case are non-duplicative of the discovery requests already issued in any MDL case track, while ensuring that the record is clear as to what discovery is at issue in Track 23, without requiring the Parties to reissue discovery unnecessarily.  If discovery requests were previously issued, but responses were not provided, or

were provided with limitations, the requests may be re-issued for good cause shown. All objections to any such discovery are reserved. The burden of avoiding non-duplicative discovery applies equally to all Parties. Discovery served in Track 23 will be tailored to Track 23, as appropriate.

### D. Prior Rulings

The Court intends to adhere to all rulings made in prior MDL tracks. *See* TPP Order, Dkt. 5271 at 4. If a similar issue arises, the Parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the Parties shall file a simple statement that they adopt those arguments in order to preserve the record for appeal. If the Parties have any new arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, the Parties may make them. The Parties may also seek departure from prior rulings for good cause shown. The Court recognizes that the Hospitals are differently situated than the prior categories of MDL plaintiffs and the Parties are entitled to make a showing that the facts the Court relied on in making its prior rulings are sufficiently different with respect to the Hospital Bellwether Plaintiff to warrant a different outcome.

### E. **Motions to Dismiss** - Discovery may proceed while the Motions to Dismiss, if any, are pending.

1. **Motions to Dismiss**: Defendants shall file any motions to dismiss the Hospital Bellwether Complaint by **May 12, 2025**. Hospital Bellwether Plaintiff shall file any responses by **July 7, 2025**. Defendants shall file their replies in support of their motions to dismiss by **August 4, 2025**.

2. **Page Limitations for Motion to Dismiss**:

    i. The Parties shall coordinate and consolidate all briefing on all motions to dismiss and avoid duplicative briefing by incorporating similar arguments by reference.

    ii. Defendants may file a single omnibus motion to dismiss of up to **30 pages** in length.

    iii. Hospital Bellwether Plaintiff may file a response brief of up to **30 pages** addressing Defendants' joint memorandum. Defendants may file a single joint reply memorandum of up to **15 pages** in length in support of their motion to dismiss.

    iv. Each of the Defendant Families may also file an individual memorandum of up to **5 pages** concerning issues specific to it. Responses to such memoranda shall also be limited to **5 pages**, and reply memoranda shall be limited to **3 pages**.

    v. The Parties may request additional pages upon good cause shown.

3

      vi.    The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

**F.    Fact Discovery**

1.    **Data Productions**

    i.    **Hospital Bellwether Plaintiff's Data**

The Parties shall meet and confer by **February 28, 2025**, on the scope, format and fields for the Hospital Bellwether Plaintiff's production of claims data, prescribing data and dispensing data ("Hospital Data") and other issues to be included in a specific CMO relating to the Hospital Data. To facilitate those discussions, by **February 21, 2025**, Hospital Bellwether Plaintiff shall provide to Defendants a list of the Hospital Data fields as well as data dictionaries defining the fields. Any disagreement as to the type or scope of data and the format and fields for same shall be raised promptly with Special Master Cohen.

Hospital Bellwether Plaintiff shall produce the Hospital Data by no later than **May 9, 2025**. Unique patients shall be linked in a deidentified format across Plaintiff's Hospital Data. To the extent such data is maintained or controlled by third parties, Hospital Bellwether Plaintiff has the burden of obtaining and facilitating production of it.

It shall be Hospital Bellwether Plaintiff's obligation to notify Defendants when the production is complete, including a report identifying any years and requested agreed upon fields for which data was not obtained and the reason(s) why it cannot be produced.

The Parties shall meet and confer regarding the linking (in a deidentified format) of Plaintiff's Hospital Data with the dispensing data to be produced by Defendants by no later than **May 23, 2025**. The Parties shall agree on a procedure for linking the Parties' data sets or submit any disputes to Special Master Cohen by no later than **June 20, 2025**. The parties shall work together to comply with their shared duties under HIPAA to protect patients' private health information.

    ii.    **Defendants' Dispensing Data**

Simultaneous to the Plaintiff's production of Hospital Data, Defendants shall produce their state-wide transactional dispensing data for Kentucky in a deidentified format. A patient with multiple

4

encounters shall have assigned to it a pseudo-medical record number, so as to preserve patient privacy and prevent identification of the patient.

It shall be Defendants' obligation to notify Plaintiff of when the productions are complete, including a report identifying any years and requested agreed upon fields for which data was not obtained and the reason(s) why it cannot be produced.

The Parties shall meet and confer by no later than June 15, 2025 "regarding defendants' production of due diligence data – including pharmacist notes and hard-copy prescriptions – that generally adheres to the 'sampling' approach used in prior Tracks, *see e.g.* docket no. 3725 at 2-3."  *See* 2/25/25 Special Master D. Cohen Email Ruling.

2. **Plaintiff's Identification of At-Issue Patients.**

To the extent Plaintiff intends to seek damages related to any patients it treated, including without limitation any damages for any alleged un-reimbursed or under-reimbursed treatment that Plaintiff provided to any patients, Plaintiff and/or its experts shall identify in a deidentified format those patients by no later than **July 11, 2025**.

3. **Plaintiff's Identification of "Red Flag" Prescriptions.**

To the extent Plaintiff intends to challenge any prescriptions that Defendants filled, Plaintiff and/or its experts shall identify those prescriptions, the methodologies they used to identify those prescriptions, and the code or analytical programs they used to implement those methodologies by no later than **September 5, 2025**. In the event the Defendants have not completed the production of their transactional dispensing data by this deadline, Plaintiff shall identify its red flagged prescriptions within two weeks of the Defendants' completed production.

4. **Document Custodians, Search Terms, and Productions**

    i. **July 16, 2025 – Identification of Document Custodians**

        a) Hospital Bellwether Plaintiff shall identify its proposed document custodians, including titles and timeframes of employment in the custodian's position(s).

        b) Each Defendant family shall identify five document custodians, including titles and timeframes of employment in the custodian's position(s).

5

        Defendants shall also identify prior MDL and state court opioid litigation custodians, including their titles and timeframes of employment in the custodian's position(s), where previously provided.

  ii.  **July 16, 2025 – Identification of Search Terms**

      a)  Defendants shall identify the proposed search terms for Hospital Bellwether Plaintiff's custodians.

      b)  Defendants' previously agreed-upon MDL search terms shall serve as the starting point for their custodians and Hospital Bellwether Plaintiff may propose modifications to those search terms.

  iii.  **September 5, 2025** – The Parties will meet and confer to reach agreement on custodians and to tailor the search terms to the Hospital Bellwether case. If agreement cannot be reached by **September 10, 2025,** the matter shall be brought to the attention of the Special Master for resolution.

  iv.  **November 7, 2025** – Custodial document production must commence, and must continue on a rolling basis.

  v.  **January 30, 2026** – Deadline to serve written discovery on Parties.

  vi.  **March 30, 2026** – Document production by all Parties shall be substantially completed.

  vii.  **April 30, 2026** – Deadline to serve third-party subpoenas.

  viii.  **June 30, 2026** – Close of party fact discovery and third-party discovery.

5. **Written Discovery**

Consistent with Case Management Order One (Dkt. 232), absent leave of court, Plaintiff may serve up to 35 Requests for Production and up to 35 Interrogatories on each Defendant Family and Defendants may collectively serve up to 35 Requests for Production and up to 35 Interrogatories on Plaintiff.

6. **Privilege**

For the avoidance of doubt, the Parties acknowledge that the Agreed Order Governing Privilege (ECF 2882) continues to apply in the Hospital Bellwether case.

G.  **Depositions**

1.  **Depositions of Defendants - Fact Witnesses**: Hospital Bellwether Plaintiff may depose no more than five (5) witnesses per Defendant Family.

2.  **Depositions of Plaintiff - Fact Witnesses**: Defendants may collectively depose no more than twenty (20) witnesses of the Hospital Bellwether Plaintiff.

3.  **All Party Fact and Expert Witness Depositions**: Depositions of witnesses who have already been deposed in this MDL shall be taken only to the extent that: (a) fact witnesses have not been deposed regarding Hospital issues; or (b) an expert witness presents new opinions or supports previous opinions with facts specific to the Hospital case, absent: (1) agreement of the Parties, or (2) order of the Special Master or the Court, upon good cause shown.  Any such agreement or order shall include a specific limitation as to the topics and number of hours allowed for such deposition.  Depositions of witnesses who have not been previously deposed in opioid litigation shall be limited to 7 hours each.  Except as stated elsewhere in this Order, depositions of witnesses previously deposed in opioid litigation shall not exceed 3.5 hours absent agreement or good cause shown.

4.  **Rule 30(b)(6) Depositions**:  Defendants collectively may serve one Rule 30(b)(6) notice on Hospital Bellwether Plaintiff regarding data and document production, and one Rule 30(b)(6) notice on Hospital Bellwether Plaintiff regarding substantive topics.  Hospital Bellwether Plaintiff may serve one Rule 30(b)(6) notice on each Defendant regarding data and document production, and one Rule 30(b)(6) notice on each Defendant regarding substantive topics.

5.  **Duration of Rule 30(b)(6) Depositions**:  Each Rule 30(b)(6) deposition of Hospital Bellwether Plaintiff will be limited to 7 hours, to be divided among the Defendants.  Each Rule 30(b)(6) deposition of each Defendant Family will be limited to 4 hours, and may not be repetitive of prior Rule 30(b)(6) or corporate representative depositions of Defendants taken in opioid litigation.

6.  **All Depositions**:  The Parties shall endeavor to ensure that deposition questioning of any witness (including a Rule 30(b)(6) witness) who was already deposed in any MDL opioid litigation, or non-MDL opioid litigation depositions produced by any entity in this MDL pursuant to DR 22, will not be unnecessarily repetitive.  The Parties shall endeavor not to unnecessarily address repetitive topics or ask repetitive questions of deponents who have already been deposed in conjunction with opioid litigation. The Parties should give each other reasonable leniency on this matter.

7. The Deposition Protocol Order (ECF 643) and Revised Remote Deposition Protocol (ECF 3589) continue to apply, except as modified by this Order. The Parties reserve the right to move the Court for additional amendments to these protocols for good cause shown.

8. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

## H. Expert Discovery Deadlines

1. **July 13, 2026** – Hospital Bellwether Plaintiff shall serve expert reports and, for each expert, provide two proposed deposition dates between **August 3 – September 4, 2026**. Any materials relied on by the expert, not previously produced in the MDL, shall be produced within **7 days** of serving the reports.

2. **September 14, 2026** – Defendants shall serve expert reports and, for each expert, provide two proposed deposition dates between **October 5 – October 30, 2026**. Any materials relied on by the expert, not previously produced in the MDL, shall be produced within **7 days** of serving the reports.

3. Expert reports rebutting responsive reports shall be served **21 days** after the deposition of the responsive expert. Any materials relied on by the rebutting expert, not previously produced in the MDL, shall be produced within **7 days** of serving the rebuttal reports. Any expert providing a rebuttal report shall be subject to an additional deposition limited to the scope of the rebuttal report within **30 days** of serving the expert rebuttal report.

## I. *Daubert* and Dispositive Motions

The Court currently intends to rule on *Daubert* and Dispositive Motions prior to remand to the transferor court.

The Parties may file Motions for Summary Judgement at any time. Dispositive and Daubert motions shall be filed no later than November 13, 2026. Any responses shall be filed by December 22, 2026. Replies in support of such motions shall be filed by January 20, 2027.

## J. Remand to Transferor Courts

At the appropriate time, this Court shall certify that the Hospital Bellwether Case is ready to transfer back to the U.S. District Court for the Eastern District of Kentucky. The case shall be stayed upon entry of a remand or transfer order until such time as the transferor court enters a scheduling order.

**IT IS SO ORDERED.**

March 11, 2025                                          *s/Dan Aaron Polster*
                                                        **DAN AARON POLSTER**
                                                        **UNITED STATES DISTRICT JUDGE**